**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

**CIVIL; ACTION NO, 23-56-DLB**

**SHAYNE ALLEN SELF**                                                                                    **PLAINTIFF**

**v.**                          <u>**MEMORANDUM OPINION AND ORDER**</u>

**MARTIN O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on February 21, 2019, alleging disability beginning on that date, due to depression, anxiety, migraines, insomnia, Peyronie's Disease and lattice degeneration (Tr. 551).   This application was denied initially and on reconsideration. Following two hearings before Administrative Law Judge Jerry Meade ("ALJ"), the ALJ issued an unfavorable decision (Tr. 259-275). The Appeals Council remanded the claim. (Tr. 285-287). Thereafter, another an administrative hearing was conducted by ALJ Meade, wherein Plaintiff, accompanied by counsel, testified.   At the hearing, Adina Leviton, a vocational expert ("VE"), also testified.

1

At the hearing, pursuant to 20 C.F.R. §416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. §416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 115-132). Plaintiff was 49 years old on the date his insured status expired. (Tr. 115). He has a high school education. (Tr. 130). His past relevant work experience includes work as an EKG technician which is considered light, semi-skilled work. (Tr. 161).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability of February 21, 2019, through his date last insured of September 30, 2020. (Tr. 117).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, mild osteophytic spurring of the coccyx, mild degenerative joint disease of the left elbow, migraine headaches, major depressive disorder with

2

anxious distress, bipolar disorder and panic disorder, which he found to be severe within the meaning of the Regulations. (Tr. 117-118).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. (Tr. 118-122).

The ALJ further found that Plaintiff could perform to his past relevant work as an EKG Technician (Tr. 129-130) and determined that he has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with various postural and environmental limitations and the following non-exertional mental limitations: "The claimant can understand, remember, and carry out detailed and simple instructions. He can maintain concentration, persistence, and pace in job settings that only have occasional changes in the work setting. He can frequently interact with the public, co-workers, and supervisors. He can adapt to occasional changes in the work setting." (Tr. 122).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. (Tr. 130).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment (Doc. # 8 and 10), and this matter is ripe for decision.

3

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to account for limitations set forth in the opinions Robert K. Heidrich, Psy.D. and Jody Blackburn, MA, LPP; (2) the ALJ improperly discounted the opinion of Jenna Plumb-Sisson, Psy.D.; and (3) the ALJ improperly evaluated Plaintiff's subjective complaints.

4

Plaintiff's first claim of error is that the ALJ failed to account for limitations set forth in the opinions Robert K. Heidrich, Psy.D. and Jody Blackburn, MA, LPP.

Dr. Heidrich completed a Medical Statement of Ability To Do Work-Related Activities (Mental) on August 27, 2021.  On this check-the-box form, he indicated that Plaintiff had mild to moderate limitations for understanding, remembering or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting ot maintaining pace; and mild and moderate limitations in adapting or managing oneself.   (Tr. 1850-1851). In his decision, the ALJ stated that he found the assessment persuasive. (Tr. 129).   Plaintiff urges reversible error by arguing that the ALJ did not adopt the limitations opined by Dr. Heidrich in the RFC.

In crafting the RFC, the ALJ is not required to incorporate limitations suggested by a medical source. The ALJ is charged with the responsibility of determining the RFC based on his evaluation of the medical and non-medical evidence. To require the ALJ to base [his] RFC finding on a physician's opinion, "would, in effect, confer upon a medical source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." SSR 96–5p, 1996 WL 374183 (July 2, 1996). *See also*, *Rudd v. Commissioner*, 531 Fed.Appx. 719, 728 (6th Cir. 2013).

In this case, contrary to Plaintiff's assertion, the ALJ did, in fact, account for Dr. Heidrich's opinion in the RFC.  The form completed by Dr. Heidrich defined "mild" as "[f]unctioning in this area independently, appropriately, effectively, and on a sustained

5

basis is slightly limited" (Tr. 1851). The form defined "moderate" as "[f]unctioning in this area independently, appropriately, effectively, and on a sustained basis is fair" (Tr. 1851). By limiting Plaintiff to understanding, remembering, and carrying out detailed and simple instructions, the ALJ's RFC reflects Dr. Heidrich's opinion that Plaintiff had only slight limitations in his ability work with simple instructions and slight limitations to fair functioning with complex instructions (Tr. 122, 1851). Similarly, the ALJ's RFC limitation to frequent, not constant, interaction with others and only occasional changes in the work setting reflects Dr. Heidrich's findings of only slight limitations interacting with others and fair ability to respond to usual work situations and changes in a routine work setting (Tr. 122, 1851-52). As such, Plaintiff's argument is without merit.

Plaintiff's argument regarding consultative psychologist Backburn's opinion is similarly unavailing. She conducted a Mental Status Consultative Examination of Plaintiff on November 18, 2019. (Tr. 1004-1009). She concluded that Plaintiff had "mild limitations in understanding, retaining and following even simple instructions; a mild impairment in sustaining concentration and persisting to complete tasks in a normal time; a mild impairment in maintaining social interaction with supervisors, friends, and the general public; and a moderate impairment in responding to the pressures of normal day-to-day work activities." (Tr. 1006-1009). The ALJ found her opinion to be persuasive (Tr. 128) and the limitations she found are clearly accounted for in the RFC. Specifically, the RFC includes limitations to understanding, remembering, and carrying out detailed and simple instructions; maintaining concentration, persistence, and pace in job settings with only occasional changes; and frequently, not constantly, interacting with others. Again,

6

Plaintiff's argument has no merit. The Court finds no error in the ALJ's consideration of these medical opinions.

Plaintiff's second claim of error is that the ALJ improperly evaluated the opinion of Jenna Plumb-Sisson, Psy.D. She completed a Disability Benefits Questionnaire on April 23, 2019, as part of Plaintiff's application for VA benefits. (Tr. 800-806). In pertinent part, she opined that "[w]hile there are undoubtedly tasks Mr. Self could perform in the work force . . . the likelihood of him being able to function in the parameters of substantially gainful employment in any capacity whatsoever is highly remote." (Tr. 805-06). She opined that Plaintiff's symptoms would "impair occupational functioning" and that his "[d]eficits in concentration and attention further add[ed] to his limitations should he pursue employment at this time." (Tr. 805). She further opined that Plaintiff's impairments "contribute[d] in substantial part to vocational impairment and put him at risk for reduced performance in a number of work environments." (Tr. 805). The ALJ did not find this opinion persuasive. (Tr. 128).

A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." 20 C.F.R. § 404.1513(a)(2). The regulations explain that such an opinion pertains to "whether you have one or more impairment-related limitations or restrictions" in listed abilities, including the ability to understand; remember; maintain concentration, persistence, or pace; carry out instructions; or respond appropriately to supervision, coworkers, or work pressures in a work setting." *Id.*

In declining to adopt Dr. Plumb-Sisson's assessment, the ALJ stated that it was "vague" in that it set forth no specific limitations. The ALJ also noted that she did not

7

identify Plaintiff's impairments or explain "exactly how or why he cannot work." *Id.* This is in line with the Regulations which require that a medical source explain how one's limitations affect one's ability to perform work-related activities. Dr. Plumb-Sisson did not do so. Her conclusory statements say nothing about how or why Plaintiff should be considered disabled. *See generally, Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 391–92 (6th Cir.2004). As such, the Court finds no error in the ALJ's consideration of Dr. Plumb-Sisson's opinion.

Finally, Plaintiff contends the ALJ improperly evaluated Plaintiff's subjective complaints. Specifically, he claims that the ALJ failed to consider the reasons for Plaintiff's non-compliance with treatment.

Plaintiff testified that "[a] lot of my appointments were cancelled due to I caught COVID" (Tr. 175-76). Further, Dr. Plumb-Sisson's report reflects that he missed appointments due to the fact that he was unable to get out of bed (Tr. 803). In his brief, Plaintiff asserts that the ALJ ignored his testimony as well as Dr. Plumb-Sisson's report in this regard. However, the ALJ specifically discussed the missed mental health appointments and the non-compliance in taking prescribed medications. (Tr. 126). Indeed, the ALJ explicitly noted Plaintiff's statements that he "[sometimes cannot get put of bed." (Tr. 123). Plaintiff ignores the ALJ's detailed discussion of Plaintiff's testimony, daily activities and treatment, all of which are relevant to an ALJ's assessment of a claimant's credibility. It is well established that an ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997). Therefore, an ALJ's credibility

assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 967 provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 967, 1996 WL 374186, at *2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their subjective complaints. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility. Contrary to Plaintiff's argument, substantial evidence supports the ALJ's assessment.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports

the ALJ's decision, it must be affirmed.)

## III. CONCLUSION

The Court, having reviewed the record herein, finds that the ALJ's decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment Doc. # 8) be **DENIED,** and the Defendant's Motion for Summary Judgment (Doc. # 10) be **GRANTED**.   A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 10th day of September 2024.



Signed By:
David L. Bunning
United States District Judge

G:\Judge-DLB\DATA\SocialSecurity\MOOs\Ashland\23-56 MOO.docx